## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEITH E. BROWN,
　　　　　　　Appellant,

　　　　v.

DEPARTMENT OF DEFENSE,
　　　　　　　Agency.

DOCKET NUMBER
SF-0752-13-0336-C-1

DATE: May 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Keith E. Brown</u>, Stockton, California, pro se.

<u>Christine J. Kim</u>, Esquire, Stockton, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　　The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement following the Board's final order affirming the reversal of his indefinite suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order concerning the appellant's challenges to the agency's actions following the termination of his indefinite suspension, *see infra* ¶¶ 7-9, we AFFIRM the compliance initial decision.

¶2        In a final order dated December 16, 2014, the Board affirmed the initial decision reversing the appellant's indefinite suspension effective April 1, 2013. *See* MSPB Docket No. SF-0752-13-0336-I-1, Final Order (Dec. 16, 2014). Shortly thereafter, the appellant filed the instant petition for enforcement alleging, among other things, that the agency failed to return him to duty, failed to reinstate certain benefits of employment, and failed to properly calculate his back pay and benefits between June 27, 2013, and February 4, 2014.[2]  MSPB Docket No. SF-0752-13-0336-C-1 (C-1), Compliance File (CF), Tab 4 at 3-4.

¶3        The administrative judge issued a compliance initial decision denying the appellant's petition for enforcement, finding that the agency had issued a Standard Form (SF) 50 cancelling the indefinite suspension and that it had

---

[2] As explained below, the appellant was on indefinite suspension between April 1, 2013, and June 26, 2013, at which time he was placed in an administrative leave status until the agency imposed his removal through a separate adverse action effective February 4, 2014.  CF, Tab 9, Compliance Initial Decision (CID) at 2.

correctly calculated his back pay during the indefinite suspension period between April 1, 2013, and June 26, 2013. CID at 2. The administrative judge further found that the appellant's remaining arguments focused on the propriety of the agency's actions after June 26, 2013, and that these allegations of noncompliance were better addressed in the separate petition for enforcement that the appellant had filed in connection with the reversal of his removal from employment.[3] CID at 2.

¶4    The appellant has filed a petition for review of the compliance initial decision in which he has renewed his request that the agency restore certain benefits of employment, including an end to his placement on administrative leave and a return to actual employment. C-1, Compliance Petition for Review (CPFR) File, Tab 1 at 1. On review, the appellant also argues that the administrative judge failed to address the agency's alleged noncompliance for the periods of time he was on administrative leave prior to, and after, his indefinite suspension and that the agency did not properly calculate his back pay and benefits when he was on administrative leave following the termination of his indefinite suspension, up through the date of his removal in February 2014. *Id*. at 1, 7-8. The agency has filed a response in opposition to the petition for review, and the appellant has replied. CPFR File, Tabs 3, 5.

¶5    In proceedings on a petition for enforcement of a Board order, the agency bears the burden of proving that it has complied with the final order. *Lua v. Office of Personnel Management*, 100 M.S.P.R. 431, ¶ 8 (2005). Mere assertions of compliance are insufficient to meeting this showing; rather, the agency must

---

[3] The administrative judge issued a separate initial decision reversing the appellant's removal from employment, which became the Board's final order after it dismissed the agency's petition for review as untimely filed without good cause shown. *See* MSPB Docket No. SF-0752-14-0310-I-1, Final Order (Feb. 25, 2015). The appellant has filed a separate petition for enforcement based on the reversal of his removal, which remains pending with the administrative judge. *See* MSPB Docket No. SF-0752-14-0310-C-2, Compliance File.

produce documentation or affidavits showing compliance. *Id*. The appellant must offer evidence in the form of documentation or affidavits in order to rebut the agency's claim of compliance. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 443 (1996).

¶6 We agree with the administrative judge that the agency has demonstrated compliance with the Board's final order reversing the appellant's indefinite suspension and making the appellant whole between April 1, 2013, and June 26, 2013, by paying him the correct amount of back pay. *See* CID at 2; CF, Tab 3. We further concur with the administrative judge that the appellant cannot challenge the agency's actions prior to the effective date of the indefinite suspension in the instant petition for enforcement because the Board's final order in this appeal only ordered the appellant to be reinstated and made whole effective April 1, 2013. *See* MSPB Docket No. SF-0752-13-0336-I-1, Final Order, ¶ 11; CID at 2 n.2. The appellant's challenge to his placement on administrative leave prior to the effective date of his indefinite suspension is thus outside the scope of the instant petition for enforcement.

¶7 We disagree with the administrative judge, however, that the appellant's challenge to the agency's actions after the end of the appellant's indefinite suspension on June 26, 2013, is also outside the scope of this proceeding. CID at 2 (finding that the appellant's challenges to the agency's acts following the end of his indefinite suspension are part of the petition for enforcement based on the reversal of the removal action). In his initial decision reversing the appellant's indefinite suspension, the administrative judge ordered the agency to provide interim relief pending a final decision from the Board. *See* MSPB Docket No. SF-0752-13-0336-I-1, Initial Decision at 9 (July 17, 2013); *see also* 5 U.S.C. § 7701(b)(2)(A). Generally, an administrative judge's order of interim relief is in effect pending the disposition of a petition for review, *see Garcia v. Department of State*, 106 M.S.P.R. 583, ¶ 7 (2007), and we disagree with the administrative judge that the agency's actions following the reversal of the indefinite suspension

should be part of the compliance proceeding based on the reversal of his removal. The agency's actions between the reversal of the indefinite suspension and the effective date of the subsequent removal action properly fall within the instant petition for enforcement as allegations of failure to comply with an order for interim relief under section 7701(b)(2)(A). *See Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶¶ 7-8 (2015) (interim relief covers the date of the administrative judge's initial decision and continuing until the Board issues a final decision); 5 C.F.R. § 1201.116. We therefore VACATE the compliance initial decision insofar as it found that the appellant's challenges to the agency's actions after June 26, 2013, are not within the scope of the instant petition for enforcement.

¶8        Upon our review of the agency's compliance efforts with the administrative judge's order for interim relief, however, we find evidence of agency compliance with that order, and we accordingly DENY the appellant's petition for enforcement. The record below demonstrates that the agency placed the appellant in a nonduty paid administrative leave status upon the reversal of his indefinite suspension. CF, Tab 3 at 2, 6. The agency, moreover, has submitted an SF-50 reflecting that the indefinite suspension action has been cancelled. *Id*. at 7. Although the appellant argues on review that he is entitled to higher rates of pay, including additional overtime and night differentials, during the time he was on administrative leave following the reversal of his indefinite suspension, the Board has found that an employee may only receive such additional compensation as part of an order for interim relief when he proves that he is entitled to it as a term or condition of employment by virtue of law, rule, regulation, collective bargaining agreement, or binding agency policy. *See Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 14 (2014). We find no evidence of such a guarantee of additional compensation in the record below, and we find that the agency complied with the order for interim relief by placing the appellant on administrative leave following the reversal of his indefinite suspension.

¶9 Additionally, although the appellant separately alleges that the agency delayed processing his within-grade increase (WIGI) in August 2013 while he was on administrative leave, the Board has found that an employee cannot appeal a delay in the payment or processing of a WIGI under chapter 75, and we find no reason to conclude that the agency's delay in approving and processing the appellant's WIGI is evidence of the agency's noncompliance with the administrative judge's order for interim relief.[4] *See Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 10 (2007). An employee, moreover, does not have a per se entitlement to a WIGI, and, under the principles explained in *Archerda*, *supra*, we find that the appellant is not entitled to an automatic WIGI as part of the administrative judge's order for interim relief. *See Jack v. Department of Commerce*, 98 M.S.P.R. 354, ¶ 9 (2005) (an employee under the General Schedule earns periodic increases in pay, or WIGI, so long as his performance is at an acceptable level of competence) (citing 5 U.S.C. § 5335(a)). We also find that the appellant's argument that he was denied a possible promotion while on administrative leave does not demonstrate agency noncompliance with the order for interim relief. *See Harris v. Department of Agriculture*, 50 M.S.P.R. 686, 697 (1991) (absent a law requiring a promotion or facts demonstrating a clear entitlement to a promotion, an employee is not automatically entitled to such a promotion upon reinstatement); CPFR File, Tab 1 at 8.

¶10 Finally, to the extent that the appellant argues he should be returned to duty following the reversal of his removal, *see* CPFR File, Tab 4, such a challenge is properly within the scope of the petition for enforcement currently pending with the administrative judge based upon the reversal of the removal action and is not

[4] Although the appellant alleges that his WIGI should have been processed in August 2013, and that it did not take effect until December 2013, there is no dispute that he eventually received a WIGI. *See* CPFR File, Tab 1 at 8; CF, Tab 4, Subtab 12.

a part of the instant petition for enforcement, which is solely based on the reversal of his placement on indefinite suspension.

¶11 Based on the foregoing, we find that the appellant's challenges to the agency's actions between April 1, 2013, and February 4, 2014, fail to demonstrate agency noncompliance with the Board's final order reversing his indefinite suspension. Therefore, the administrative judge's compliance initial decision denying the appellant's petition for enforcement is AFFIRMED as MODIFIED.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                _____

William D. Spencer
Clerk of the Board

Washington, D.C.